**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-2095**

ANTONIOS ABATE WARKU,

               Petitioner,

      v.

ERIC H. HOLDER, JR., Attorney General,

               Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  March 27, 2009          Decided:  May 4, 2009

Before WILKINSON, MICHAEL, and DUNCAN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Aragaw Mehari, Washington, D.C., for Petitioner.  Michael F. Hertz, Acting Assistant Attorney General, Michelle Gorden Latour, Assistant Director, Tracie N. Jones, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonios Abate Warku, a native and citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's order finding him removable and denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[*] Warku challenges the immigration judge's adverse credibility finding, as affirmed by the Board. For the reasons set forth below, we deny the petition for review.

We will uphold an adverse credibility determination if it is supported by substantial evidence, see Tewabe v. Gonzales, 446 F.3d 533, 538 (4th Cir. 2006), and reverse the Board's decision "only if the evidence presented . . . was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution." Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (internal quotation marks and citations omitted). Having reviewed the administrative record, the Board's decision, and the immigration judge's oral decision, we find that substantial evidence supports the immigration judge's adverse

---

[*] Because Warku did not challenge the denial of relief under the CAT in his brief, the claim is not preserved for review. See Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999).

credibility finding, as affirmed by the Board, and the ruling that Warku failed to establish past persecution or a well-founded fear of future persecution as necessary to establish eligibility for asylum. See 8 U.S.C. § 1158(b)(1)(B)(i), (ii) (2006) (establishing that alien bears burden of proof to demonstrate eligibility for asylum); 8 C.F.R. § 1208.13(a) (2008) (same). Because the record does not compel a different result, we will not disturb the Board's denial of Warku's application for asylum. Moreover, as Warku cannot sustain his burden on the asylum claim, he cannot establish his entitlement to withholding of removal. Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004) ("Because the burden of proof for withholding of removal is higher than for asylum — even though the facts that must be proved are the same — an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal.").

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

3